ON CONFESSION OF ERROR

PER CURIAM.
Angie M. Almonor (“Almonor”) appeals from an October 16, 2012, order authorizing a writ of possession in favor of Federal National Mortgage Association (“FNMA”), predecessor to the appellee, JPMorgan Chase Bank, N.A. (“Chase”).
After FNMA obtained a judgment of foreclosure and certifícate of title, it sought a writ of possession for the condominium unit in which Almonor was, and apparently still is, a tenant. Almonor objected to the issuance of the writ, asserting that FNMA failed to comply with the federal Protecting Tenants at Foreclosure Act of 2009[1] (the “Act”) in seeking the writ. Specifically, Almonor claimed that she had a bona fide two-year lease for the unit, which commenced on February 1, 2011, and terminated on January 31, 2013, and that under the Act, FNMA was required to honor her lease until the end of its term. Over Almonor’s objection, the trial court issued the order on appeal, directing the issuance of a writ of possession.[2]
Chase concedes that the order was entered in error for the sole reason that it failed to permit Almonor, as a bona fide tenant under the Act, to occupy the unit until the end of the lease term on January 31, 2013. On that basis, we agree. Accordingly, because the order failed to state that the writ was not to take effect until January 31, 2013, we reverse the order authorizing a writ of possession.
Reversed and remanded.

. Pub.L. No. 111-22, § 702, 123 Stat. 1632, 1660-61 (2009) (codified as amended at 12 U.S.C. § 5220 note (2010)). The Act requires the immediate successor-in-interest to a foreclosed property to provide a bona fide tenant residing in the property with notice to vacate at least 90 days prior to date that the successor-in-interest seeks to have the tenant vacate the property. The Act also requires that the successor-in-interest allow a bona fide tenant to occupy the property until the end of the lease term, unless the successor-in-interest will occupy the property as a residence. See John R. Higgitt, Annotation, Construction and Application of Protecting Tenants at Foreclosure Act of 2009, Pub.L. 111-22, 123 Stat. 1660 (Note to 12 U.S.C.A. § 5220), 65 A.L.R. Fed.2d 217 (2012).

. As previously noted, it appears that Almo-nor still resides in the condominium unit.